FILED

Ademir Jovic
5720 W. Centinela Avenue #223
Los Angeles, CA 90045

2022 NOV 23  PM 3: 53

Defendant(s) In Pro Per

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:_____ LP_____

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

ESSEX PORTFOLIO L.P.,
        Plaintiff,

vs.

Emir Ugarak; DOES 1 TO 10 INCLUSIVE
Defendant(s).

Case No.: LA22CV08594- RSWL-Ex

NOTICE OF REMOVAL OF ACTION

To the Clerk of the United States District Court for the Central District of California.

PLEASE TAKE NOTICE that Defendant, Ademir Jovic hereby removes to this Court, the

United States District Court for the Central District of California from the Superior Court of

California in and for the County of Los Angeles, and sets forth in support of the Notice of Removal

of Action the following:

Pursuant to 28 U.S.C. §1441, Defendant further states as follows:

1. That Defendant is named as defendant in a civil action filed in the Superior Court

of California for the County of Los Angeles.

2. The action was commenced by Plaintiff when Plaintiff filed a Summons in the Superior Court of the State of California, County of Los Angeles, bearing case no. 22IWUD01401, entitled ESSEX PORTFOLIO L.P. vs. Emir Ugarak; DOES 1 TO 10 INCLUSIVE.

3. Defendant was served with the Summons and Complaint on or about August 5, 2022. a true and correct copy attached as Exhibit 1 and incorporated in this notice by reference.

4. The following filings of said case are attached hereto and incorporated herein by reference:

> Exhibit 1: Complaint for Unlawful Detainer – Eviction
>
> Complaint, both dated August 5, 2022

5. The above-mentioned action is a civil action of which this court has jurisdiction under 28 U.S.C. §§1332 and 1441 .

6. This is a civil action over which this court has original jurisdiction and the action is removable to this court pursuant to 28 U.S.C. §§1441(a), 1343

**STATEMENT OF FACTS**

7. *ESSEX PORTFOLIO L.P.* is not organized or licensed to do business in California.

8. *ESSEX PORTFOLIO L.P.* is, and at all times relevant to this removal, was the trustee for a securities special purpose vehicle trust, organized for the purchase and sell of securities.

9. The purchase and sell of securities involved, unknowingly, defendant's property which was a federally related mortgage.

10. *ESSEX PORTFOLIO L.P.* knowingly was not, and at all times relevant to this removal, are not the real party in interest, both before and after the sale of defendants property.

11. The sell of defendant's property was a sham, however defendant will not be able to receive a fair hearing or trial in the state Superior Court for Los Angeles County in that he will

be denied due process because the Superior Court for Los Angeles County will ignore any evidence if there is a trustee's deed upon sell, whether valid or invalid, denying defendant an opportunity to be heard.

WHEREFORE, Defendant prays that the above action now pending in the Los Angeles Superior Court of the State of California, bearing case no. 22IWUD01401, entitled ESSEX PORTFOLIO L.P. vs. Emir Ugarak; DOES 1 TO 10 INCLUSIVE.

Date: November 23, 2022

Ademir Jovic,
Defendant, *In propria persona*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit 1

UD-100

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: | FOR COURT USE ONLY |
|---|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY     STATE BAR NUMBER:

NAME: Chris Evans #202135/Melissa Hernandez #289773

FIRM NAME: Kimball, Tirey & St. John LLP

STREET ADDRESS: 915 Wilshire Blvd, Suite 1650

CITY: Los Angeles     STATE: CA    ZIP CODE: 90017

TELEPHONE NO.: (213) 337-0050     FAX NO.: (213) 336-0080

EMAIL ADDRESS:

ATTORNEY FOR (name): Plaintiff

**FOR COURT USE ONLY**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles

STREET ADDRESS: ONE REGENT STREET

MAILING ADDRESS:

CITY AND ZIP CODE: INGLEWOOD 90301

BRANCH NAME: LOS ANGELES SUPERIOR COURT INGLEWOOD / SOUTHWEST DIS

PLAINTIFF: ESSEX PORTFOLIO L.P.

DEFENDANT: Emir Ugarak

[ X ] DOES 1 TO 10 Inclusive

| **COMPLAINT—UNLAWFUL DETAINER\*** | CASE NUMBER: |
|---|---|
| [ X ] COMPLAINT [  ] AMENDED COMPLAINT (Amendment Number): | 22IWUD01401 |

**Jurisdiction** *(check all that apply):*

[ X ] **ACTION IS A LIMITED CIVIL CASE**

Amount demanded    [ X ] does not exceed $10,000.

                       [  ] exceeds $10,000 but does not exceed $25,000.

[  ] **ACTION IS AN UNLIMITED CIVIL CASE** (amount demanded exceeds $25,000)

[  ] **ACTION IS RECLASSIFIED** by this amended complaint or cross-complaint *(check all that apply):*

     [  ] from unlawful detainer to general unlimited civil (possession not in issue).    [  ] from limited to unlimited.

     [  ] from unlawful detainer to general limited civil (possession not in issue).    [  ] from unlimited to limited.

1. *PLAINTIFF (name each):*
ESSEX PORTFOLIO L.P.


*alleges causes of action against DEFENDANT (name each):*
Emir Ugarak


2. a. Plaintiff is   (1) [  ] an individual over the age of 18 years.   (4) [  ] a partnership.

                 (2) [ X ] a public agency.                 (5) [  ] a corporation.

                 (3) [  ] other *(specify):*

   b. [  ] Plaintiff has complied with the fictitious business name laws and is doing business under the fictitious name of *(specify):*


3. a. *The venue is the court named above because defendant named above is in possession of the premises located at (street address, apt. no., city, zip code, and county):*
5720 W. Centinela Avenue #223 Los Angeles, CA 90045

   b. The premises in 3a are *(check one)*

     (1) [ X ] within the city limits of *(name of city):* Inglewood

     (2) [  ] within the unincorporated area of *(name of county):*

   c. The premises in 3a were constructed in *(approximate year):* Not Applicable

4. Plaintiff's interest in the premises is [ X ] as owner [  ] other *(specify):*

5. The true names and capacities of defendants sued as Does are unknown to plaintiff.


**\* NOTE:** Do not use this form for evictions after sale (Code Civ. Proc., § 1161a).

Page 1 of 4

Form Approved for Optional Use
Judicial Council of California
UD–100 [Rev. September 1, 2020]       **COMPLAINT—UNLAWFUL DETAINER**       Civil Code, § 1940 et seq;.
Code of Civil Procedure, §§ 425.12, 1166
www.courts.ca.gov

**UD-100**

| PLAINTIFF: ESSEX PORTFOLIO L.P.<br>DEFENDANT: Emir Ugarak | CASE NUMBER:<br>22IWUD01401 |
| --- | --- |

6. a.  On or about *(date):* 01/20/2020

      *defendant (name each):*
      Emir Ugarak

    (1) agreed to rent the premises as a ☐ month-to-month tenancy ☒ other tenancy *(specify):* 1 Year
    (2) agreed to pay rent of $ 1,565.00     payable ☒ monthly ☐ other *(specify frequency):*
    (3) agreed to pay rent on the ☒ first of the month ☐ other day *(specify):*

  b.  This ☒ written ☐ oral  agreement was made with
    (1) ☐ plaintiff.     (3) ☐ plaintiff's predecessor in interest.
    (2) ☒ plaintiff's agent. (4) ☐ Other *(specify):*

  c.  ☒ The defendants not named in item 6a are
    (1) ☐ subtenants.
    (2) ☐ assignees.
    (3) ☒ Other *(specify):* unknown as to Does

  d.  ☐ The agreement was later changed as follows *(specify):*

  e.  ☐ A copy of the written agreement, including any addenda or attachments that form the basis of this complaint, is attached and labeled Exhibit 1. *(Required for residential property, unless item 6f is checked. See Code Civ. Proc., § 1166.)*

  f.  ☒ *(For residential property)* A copy of the written agreement is **not** attached because *(specify reason):*
    (1) ☐ *the written agreement is not in the possession of the landlord or the landlord's employees or agents.*
    (2) ☒ *this action is solely for nonpayment of rent (Code Civ. Proc., § 1161(2)).*

7. The tenancy described in 6 *(complete (a) or (b))*
  a.  ☒ is **not** subject to the Tenant Protection Act of 2019 (Civil Code, § 1946.2). The specific subpart supporting why tenancy is exempt is *(specify):*      .
  b.  ☐ is subject to the Tenant Protection Act of 2019.

8. *(Complete only if item 7b is checked. Check all applicable boxes.)*
  a.  ☐ The tenancy was terminated for at-fault just cause (Civil Code, § 1946.2(b)(1)).
  b.  ☐ The tenancy was terminated for no-fault just cause (Civil Code, § 1946.2(b)(2)) and the plaintiff *(check one)*
    (1) ☐ waived the payment of rent for the final month of the tenancy, before the rent came due, under section 1946.2(d)(2), in the amount of $      .
    (2) ☐ provided a direct payment of one month's rent under section 1946.2(d)(3), equaling $
        to *(name each defendant and amount given to each):*

  c.  ☐ Because defendant failed to vacate, plaintiff is seeking to recover the total amount in 8b as damages in this action.

9. a.  ☒ Defendant *(name each):* Emir Ugarak

    was served the following notice on the same date and in the same manner:

    (1) ☒ 3-day notice to pay rent or quit     (5) ☐ 3-day notice to perform covenants or quit
    (2) ☐ 30-day notice to quit                  *(not applicable if item 7b checked)*
    (3) ☐ 60-day notice to quit         (6) ☐ 3-day notice to quit under Civil Code, § 1946.2(c)
    (4) ☐ 3-day notice to quit                 Prior required notice to perform covenants served *(date):*      .
                                 (7) ☐ Other *(specify):*

UD-100

| | |
|---|---|
| PLAINTIFF: ESSEX PORTFOLIO L.P.<br>DEFENDANT: Emir Ugarak | CASE NUMBER:<br>22IWUD01401 |

9.  b.  (1)  On *(date)*: 07/24/2022                    the period stated in the notice checked in 9a expired at the end of the day.

        (2)  Defendants failed to comply with the requirements of the notice by that date.

    c.  All facts stated in the notice are true.

    d.  [ x ]  The notice included an election of forfeiture.

    e.  [ x ]  A copy of the notice is attached and labeled Exhibit 2. *(Required for residential property. See Code Civ. Proc., § 1166. When Civil Code, § 1946.2(c), applies and two notices are required, provide copies of both.)*

    f.  [ ]  One or more defendants were served (1) with the prior required notice under Civil Code, § 1946.2(c), (2) with a different notice, (3) on a different date, or (4) in a different manner, as stated in Attachment 10c. *(Check item 10c and attach a statement providing the information required by items 9a–e and 10 for each defendant and notice.)*

10.  a.  [ x ]  The notice in item 9a was served on the defendant named in item 9a as follows:

    (1)  [ ]  By personally handing a copy to defendant on *(date)*:

    (2)  [ ]  By leaving a copy with *(name or description)*:

    a person of suitable age and discretion, on *(date)*:                    at defendant's
    [ ] residence      [ ] business   AND mailing a copy to defendant at defendant's place of residence
    on *(date)*:                    because defendant cannot be found at defendant's residence or usual place of business.

    (3)  [ x ]  By posting a copy on the premises on *(date)*: 08/05/2022
    [ x ]  AND giving a copy to a person found residing at the premises AND mailing a copy to defendant at the premises
    on *(date)*: 08/05/2022
    (a)  [ ]  because defendant's residence and usual place of business cannot be ascertained OR
    (b)  [ x ]  because no person of suitable age or discretion can be found there.

    (4)  [ ]  *(Not for 3-day notice; see Civil Code, § 1946, before using)* By sending a copy by certified or registered mail addressed to defendant on *(date)*:

    (5)  [ ]  *(Not for residential tenancies; see Civil Code, § 1953, before using)* In the manner specified in a written commercial lease between the parties

    b.  [ ]  *(Name)*:
    was served on behalf of all defendants who signed a joint written rental agreement.

    c.  [ ]  *Information about service of notice on the defendants alleged in item 9f is stated in Attachment 10c.*

    d.  [ ]  *Proof of service of the notice in item 9a is attached and labeled Exhibit 3.*

11.  [ ]  *Plaintiff demands possession from each defendant because of expiration of a fixed-term lease.*

12.  [ x ]  *At the time the 3-day notice to pay rent or quit was served, the amount of **rent due** was* $ 1,565.00

13.  [ x ]  *The fair rental value of the premises is* $ 58.90                    *per day.*

14.  [ ]  *Defendant's continued possession is malicious, and plaintiff is entitled to statutory damages under Code of Civil Procedure section 1174(b). (State specific facts supporting a claim up to $600 in Attachment 14.)*

15.  [ x ]  *A written agreement between the parties provides for attorney fees.*

16.  [ ]  *Defendant's tenancy is subject to the local rent control or eviction control ordinance of (city or county, title of ordinance, and date of passage):*

Plaintiff has met all applicable requirements of the ordinances.

17.  [ x ]  *Other allegations are stated in Attachment 17.*

18.  Plaintiff accepts the jurisdictional limit, if any, of the court.

| | |
|---|---|
| PLAINTIFF: ESSEX PORTFOLIO L.P.<br>DEFENDANT: Emir Ugarak | CASE NUMBER:<br>22IWUD01401 |

## 19. PLAINTIFF REQUESTS

a. possession of the premises.

b. costs incurred in this proceeding:

c. [ x ] past-due rent of $ 3,130.00

d. [ x ] reasonable attorney fees.

e. [ x ] forfeiture of the agreement.

f. [ ] damages in the amount of waived rent or relocation assistance as stated in item 8: $

g. [ x ] damages at the rate stated in item 13 from
date: 05/01/2022

for each day that defendants remain in possession through entry of judgment.

h. [ ] statutory damages up to $600 for the conduct alleged in item 14.

i. [ ] other (specify):

20. [ ] Number of pages attached (specify):

## UNLAWFUL DETAINER ASSISTANT (Bus. & Prof. Code, §§ 6400–6415)

21. [ x ] (Complete in all cases.) An unlawful detainer assistant [ x ] did **not** [ ] did for compensation give advice or assistance with this form. (If declarant has received **any** help or advice for pay from an unlawful detainer assistant, complete a–f.)

a. Assistant's name:

b. Street address, city, and zip code:

c. Telephone no.:

d. County of registration:

e. Registration no.:

f. Expires on (date):

Date: 08/05/2022

Chris Evans
_____
(TYPE OR PRINT NAME)

▶ *Chris Evans*
_____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

## VERIFICATION

*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*

I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 08/05/2022

See attached verification
_____
(TYPE OR PRINT NAME)

▶
_____
(SIGNATURE OF PLAINTIFF)

1

**VERIFICATION**

2

3        I, the undersigned, say:

4        That I am the attorney for the Plaintiff in this action and I make this verification for and on behalf of the

5   party because:

6   The Plaintiff is absent from the County of Los Angeles, California, where I have my office; I have read the attached

7   Complaint and Supplemental Allegations for Unlawful Detainer and know its contents. I am informed and believe,

8   and on that grounds, allege that the matters stated in it are true.

9

10  Executed on August 5, 2022, at Los Angeles, California. I declare under penalty of perjury that the foregoing is true

11  and correct.

12

13

14                                    *Chris Evans*

15                                    Chris Evans

16

17

18

19

20

21

22

23

24

25

26

27

28

State of California )

)ss.                **CERTIFICATE OF SERVICE**

County of Los Angeles )

On November 23, 2022, I, Rachel Monihan, do hereby certify that I am over the age of

eighteen (18), and not an interested party to the above referenced issue, and I deposited in the

mail at County of Los Angeles, a true and correct copy of the following document:

**"NOTICE OF REMOVAL OF ACTION"** and a signed copy of this declaration, via first class

mail, with postage pre-paid and addressed to the following:

Attn:

Chris Evans #202135/Melissa Hernandez #289773
Kimball, Tirey & St. John LLP
915 Wilshire Blvd. Suite 1650
Los Angeles, CA 90017

(Attorney for ESSEX PORTFOLIO L.P.)

I certify and declare under penalty of perjury that the foregoing is true and correct.

Date: November 23, 2022

Rachel Monihan